IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Civil No. 1:21-CV-03847-TWT |
| | ) | |
| $8,500 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| BRIAN MOORE, JR., | ) | |
| | ) | |
| Claimant. | ) | |

**ANSWER OF CLAIMANT TO VERIFIED COMPLAINT
FOR FORFEITURE _IN REM_**

Claimant, BRIAN MOORE, JR. (hereinafter "Claimant" or "Mr. Moore"),

by and through his undersigned attorney, hereby answers the Verified Complaint

for Forfeiture _In Rem_, and answers as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Claimant lacks knowledge as to the present whereabouts of the

defendant currency and thus neither admit nor deny the allegations in Paragraph 4.

5. Paragraph 5 states conclusions of law to which no response is required.

To the extent that Paragraph 5 may be read to make allegations of fact concerning

Claimant or the defendant property, those allegations are denied.

1

6.    Paragraph 6 states conclusions of law to which no response is required. To the extent that Paragraph 6 may be read to make allegations of fact concerning Claimant or the defendant property, those allegations are denied.

7.    Paragraph 7 states conclusions of law to which no response is required. To the extent that Paragraph 7 may be read to make allegations of fact concerning Claimant or the defendant property, those allegations are denied.

8.    Paragraph 8 states conclusions of law to which no response is required. To the extent that Paragraph 8 may be read to make allegations of fact concerning Claimant or the defendant property, those allegations are denied.

9.    Paragraph 9 states conclusions of law to which no response is required. To the extent that Paragraph 9 may be read to make allegations of fact concerning Claimant or the defendant property, those allegations are denied.

10.    Denied. Based on information and belief, it appears the agents were not conducting a "random interdiction" but instead received a secret tip from TSA that the Claimant was in possession of U.S. Currency.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied, although the agents falsely accused the Claimant of possessing

illegal drugs which he denied.

16.   Admitted that the Claimant was asked if he was carrying any money and replied affirmatively, but denied that the agents asked whether he was carrying "large sums of money."

17.   Denied.

18.   Denied. The agents demanded that the Claimant provide the agents with his boarding pass and driver's license.

19.   Denied.

20.   Denied.

21.   Admitted.

22.   Admitted.

23.   Denied.

24.   Denied.

25.   Denied.

26.   Denied.

27.   Denied.

28.   Admitted.

29.   Denied.

30.   Denied.

31.   Denied.

32.   Denied.

33.   Denied.

34.   Denied.

35.   Admitted that the agents demanded that Claimant sign a form but

Claimant lacks knowledge as to the type of form signed because he was not

provided with a copy.

36.   Denied.

37.   Denied.

38.   Denied.

39.   Denied.

40.   Denied.

41.   Denied.

42.   Denied.

43.   Denied.

44.   Denied.

45.   Denied.

46.   Denied.

47.   Denied.

48.   Denied.

49.   Admitted.

50.    Claimant lacks knowledge and thus neither admit nor deny the

allegations in Paragraph 50, although if the K-9 gave an alert to the presence of

narcotics or even the smell of narcotics, then it was a false alert.

51.    Claimant lacks knowledge as to the present whereabouts of the

defendant currency and thus neither admit nor deny the allegations in Paragraph

51.

52.    Admitted.

53.    Denied.

54.    Denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The warrantless stop, detention, and seizure of Claimant and his property

was illegal and unreasonable from its inception and then illegally prolonged in

violation of the Mr. Moore's state and federal constitutional rights under the

Fourth, Fifth, and Fourteen Amendments to the United States Constitution and

Article 1, Section 1 of the Constitution of the State of Georgia. As such, any

evidence gathered illegally should be suppress or excluded including observations

of Mr. Moore, his identity, his statements, the luggage, observations of U.S.

Currency, and the U.S. Currency itself.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not comply with the requirement of Supplemental Rule G to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." The Complaint contains no sufficient allegations concerning the facts allegedly supporting forfeiture of the defendant currency.

## FOURTH AFFIRMATIVE DEFENSE

Forfeiture of the defendant currency violates the Due Process Clause of the Fifth Amendment to the United States Constitution because law enforcement officers involved in pursuing the forfeiture have a financial incentive in securing forfeiture. State and federal law enforcement agencies involved in the forfeiture may retain proceeds from the forfeiture to fund their activities. And, on information and belief, individual law enforcement officials within the relevant state and federal law enforcement agencies have an incentive to forfeit property to ensure their job security.

## FIFTH AFFIRMATIVE DEFENSE

Forfeiture of the defendant currency is barred by the Appropriations Clause of Article I, Section 9 of the United States Constitution. If the forfeiture is completed, law enforcement agencies will be able to use money from the forfeiture to fund their activities absent any appropriation from Congress. But, under the

Appropriations Clause, money for government spending must be secured through congressional appropriation.

## SIXTH AFFIRMATIVE DEFENSE

Forfeiture of the defendant currency is barred by the prohibition against excessive fines set forth in the Eighth Amendment to the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

The seized property is not from any prohibited source and not subject to forfeiture.

## EIGHTH AFFIRMATIVE DEFENSE

Claimant is entitled to reasonable attorney fees and costs per statute.

## NINTH AFFIRMATIVE DEFENSE

Claimant reserve the right to amend.

*

*

*

*

*

*

*

*

7

**CONCLUSION**

WHEREFORE, Claimant hereby demands that the Court deny Plaintiff's

claim for forfeiture of the defendant currency; order the defendant currency

returned to Claimant; order that Plaintiff pay Claimant's attorneys' fees and costs

pursuant to 28 U.S.C. § 2465(b)(1)(A); order that Plaintiff pay pre- and post-

judgment interest on the defendant currency to Claimant pursuant to 28 U.S.C.

§2465(b)(1)(B)–(C); and enter such additional relief as the Court deems just and

proper.

Respectfully submitted, this 5th day of November, 2021.

By:  /s/ Jason D. Sammis
Jason D. Sammis
Sammis Law Firm, P.A.
Georgia Bar No. 623532
1005 N. Marion St.
Tampa, FL 33602
Email: info@sammislawfirm.com
Telephone: 813-250-0500

I hereby certify that a true and correct copy
of the foregoing was electronically submitted
this 5th day of November 2021, to:

RADKA T. NATIONS
Assistant United States Attorney
75 Ted Turner Drive, S.W.
Suite 600 Atlanta, GA 30303
Radka.Nations2@usdoj.gov

8