IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF,<br><br>*v.*<br><br>$8,500.00 IN UNITED STATES CURRENCY,<br>DEFENDANT. | Civil Action No.<br><br>1:21-cv-03847-TWT |

**Plaintiff's Motion to Voluntarily Dismiss Complaint with Prejudice**

NOW COMES, Plaintiff United States of America, by Ryan K. Buchanan, United States Attorney, and Radka T. Nations, Assistant United States Attorney, for the Northern District of Georgia, and moves to voluntarily dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). In support of the instant motion, the United States shows as follows:

**Memorandum of Law**

**I. Introduction**

On September 17, 2021, the United States filed the instant civil forfeiture action against $8,500.00 in United States currency ("Defendant Currency"), pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C), alleging that the

Defendant Currency constitutes or was derived from proceeds traceable to illegal distribution of controlled substances. [Doc. 1].

Brian Moore Jr. ("Claimant"), by and through counsel, filed a Verified Claim to the Defendant Currency and an Answer to the complaint. [Docs. 5-7].

On May 24, 2022, the Claimant filed a Motion to Suppress, alleging that law enforcement illegally stopped and detained him; his bag was subsequently illegally searched, and the Defendant Currency was illegally seized. [Doc. 22] Plaintiff opposed the motion. [Doc. 23]. The Court scheduled an evidentiary hearing on Claimant's Motion to Suppress, which is currently set for September 12, 2022.

Upon review of records received in response to subpoenas and written discovery responses provided by the Claimant, the United States has become convinced that it is not in the public interest to pursue this case. Accordingly, the United States seeks to dismiss this case with prejudice. The undersigned contacted Leslie Sammis, counsel for the Claimant, regarding her position on this motion. Ms. Sammis stated that she will let her position known to the Court after she has had the opportunity to familiarize herself with this motion.

## II. Argument and Citation to Authority

The district court enjoys broad discretion in determining whether to allow a

voluntary dismissal under Rule 41(a)(2). *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255-56 (11th Cir. 2001). A voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice. *Id*. The crucial question to be determined is whether the defendant will lose any substantial right by the dismissal. *Id*. Where, as here, the request is made with prejudice, the court's discretion "is strongly directed in favor of granting such motions". *Interlego, A.G v. F.A.O. Schwarz, Inc.*, 1978 WL 21421, at *2 (N.D. Ga. Mar. 8, 1978); *see also Lum v. Mercedes Benz, USA, L.L.C.*, 246 F.R.D. 544, 545 (N.D. Ohio 2007) ("It is generally considered an abuse of discretion for a court to deny a plaintiff's request for voluntary dismissal with prejudice.").

Here, Claimant will not be prejudiced by the dismissal of this action as the United States is requesting the dismissal with prejudice and, as a result, Claimant is at no risk of subsequent litigation over the same issues. The United States has determined that it is not in the public interest to pursue this case and is in the interest of judicial economy as it would not result in a waste of judicial time and effort. Specifically, granting this motion would eliminate the need for a hearing on Claimant's Motion to Suppress or for the Court to consider Claimant's Motion for Summary Judgement. In fact, granting the motion to dismiss the complaint

with prejudice will result in the relief sought by Claimant, the return of the Defendant Currency.

Simply put, the United States has determined that it is not in the public interest to pursue this case. It seeks to dismiss its case now to prevent the incurrence of additional attorney's fees and litigation expenses, for which it may be liable, and to conserve resources. It does not serve the interest of justice to force the United States to continue to litigate this case against its wishes, especially as Claimant will suffer no prejudice if the case is dismissed.

## Conclusion

Wherefore, the United States respectfully requests the Court grant its motion to voluntarily dismiss its complaint relating to the $8,500.00 in United States currency with prejudice and award any other relief this Court deems just and proper.

Respectfully submitted,

**RYAN K. BUCHANAN**
*United States Attorney*
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

/s/ Radka T. Nations
**RADKA T. NATIONS**
*Assistant United States Attorney*
Georgia Bar No. 618248

## Certificate of Compliance and Service

I hereby certify that the above was prepared using Book Antiqua 13-point font and that I have caused a copy of the foregoing **Plaintiff's Motion to Dismiss With Prejudice** to be electronically filed with the Clerk of Court using the CM/ECF system and sent to counsel of record.

This 7th day of September 2022.

Respectfully submitted,

**RYAN K. BUCHANAN**
*United States Attorney*

*/s/ Radka T. Nations*
**RADKA T. NATIONS**
*Assistant United States Attorney*
Georgia Bar No. 618248