IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| PLAINTIFF, | Civil Action No. |
| v. | 1:21-cv-03847-TWT |
| $8,500.00 IN UNITED STATES CURRENCY, | |
| DEFENDANT. | |

**CLAIMANT'S QUALIFIED OBJECTION TO
PLAINTIFF'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE**

CLAIMANT Brian Moore (hereafter "Mr. Moore"), through undersigned counsel, hereby responds to the motion for voluntarily dismiss the complaint with prejudice filed by the Plaintiff (hereinafter "Government") under Rule 41(a)(2) of the Federal Rules of Civil Procedure ("FRCP"). Mr. Moore does not oppose dismissal of the complaint *with* prejudice provided that any such dismissal is by court order affirming that Mr. Moore has "substantially prevailed" under 28 U.S.C. §2465(b). Mr. Moore otherwise objects to the Government's motion to dismiss since the Government did not acknowledge that fact or include that language in its proposed order.

1

## PROCEDURAL HISTORY

On March 26, 2021, law enforcement officers with the Drug Enforcement Administration ("DEA") without a warrant, seized $8,500.00 in United States currency ("Defendant $8,500.00") from Mr. Moore while he was waiting to board a domestic flight at the Hartsfield Jackson Atlanta International Airport located at 6000 N. Terminal Parkway, Atlanta, Georgia.

After the seizure, the DEA served Mr. Moore with a personal notice of seizure through certified mail which gave him 35 days to file a claim for court action.

On or around June 21, 2021, Mr. Moore properly filed a timely claim with the DEA verifying that he is the owner of the Defendant Currency and demanding court action to contest the seizure and forfeiture.

On September 17, 2021, the Government, by and through its agents, filed a Complaint for Forfeiture against the $8,500.00 in the United States currency ("Defendant $8,500.00.") (Doc. 1).

The Complaint included allegations that the Defendant $8,500.00 was subject to forfeiture to the Government pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C), on the grounds that the Defendant Currency allegedly constituted or was derived from proceeds traceable to illegal distribution of controlled substances.

The United States Marshals Service arrested the Defendant $8,500.00 on September 30, 2021. (Doc. 4).

On or around October 4, 2021, the United States served direct notice of the forfeiture action and a copy of the Complaint for Forfeiture on Brian Moore, Jr. ("Claimant") individually, via certified mail, return receipt requested, and via first class mail. (Doc. 3).

The government notified all other potential claimants of this action by posting notice of the forfeiture action on an official government internet site (www.forfeiture.gov) for 30 consecutive days, beginning on October 14, 2021, and ending on November 12, 2021, (Doc. 8).

Through undersigned counsel, Claimant alleged an ownership interest in the Defendant $8,500.00 by virtue of the Verified Claim of Interest filed on November 5, 2021 (Docs. 5 and 7) and Answer to Complaint with affirmative defenses, filed on November 5, 2021 (Doc. 6).

On May 24, 2022, the Claimant filed a Motion to Suppress. [Doc. 22]. The Government opposed the motion by claiming that the DEA detention was "random" instead of triggered by the TSA agent's discovery during the security screening process, claimed that DEA had probable cause to search Mr. Moore for the money, and claimed that consent to search was "voluntary" despite considerable evidence to the contrary. (Doc 23).

The Court scheduled an evidentiary hearing on Claimant's Motion to Suppress, which is currently set for September 12, 2022.

On July 29, 2022, the Government filed an Emergency Motion for Extension of Time to Complete Discovery for the Limited Purpose of Taking the Deposition of Third-Party Witness Jacquline R. Butler (Doc. 26).

On August 1, 2022, the Claimant, through undersigned counsel, filed a response in opposition to the Government's Emergency Motion for Extension of Time to Complete Discovery for the Limited Purpose of Taking the Deposition of Third-Party Witness Jacquline R. Butler (Doc. 27).

On August 22, 2022, the Court entered an order denying the Government's Emergency Motion for Extension of Time to Complete Discovery for the reasons set forth in the Claimant's Response (Doc 28).

On September 2, 2022, Mr. Moore filed a motion for summary judgment on the issue of probable cause and requested a court order to return the seized property (Doc. 29). Mr. Moore's motion was supported by an affidavit from Mr. Moore.

Less than three (3) full business days prior to the scheduled motion to suppress hearing, the Government filed the instant Motion to Voluntarily Dismiss the Complaint with Prejudice (Doc. 30) on September 7, 2022, which provided:

> "...the United States asserts it will not be in the public interest to pursue this action and seeks voluntary dismissal of this action…The dismissal of this action is proper since, among other things, Claimant will not be prejudiced by the dismissal of this action because the United States is requesting that this action be dismissed with prejudice and, consequently, the Claimant would face no risk of subsequent litigation over the same issues. In addition, the dismissal of this action is in the interest of judicial economy, prevents the incurrence of additional attorney's fees and litigation expenses for which the United States may be liable, and conserves resources. Lastly, the dismissal of this action will result in the return of the Defendant Currency to Claimant, which is the relief sought by Claimant."

(Doc 30 at 2).

This case involves excessive delay or lack of diligence on the part of the Government and insufficient explanation of the need for a dismissal. Without a finding by this Court that Mr. Moore "substantially prevailed" the Government will have difficulty accepting this fact so that the parties can make a good faith effort to resolve the remaining issues of attorney's fees, interests, and costs, without wasting more time and resources.

## MEMORANDUM OF LAW

Rule 41(a)(2) of the FRCP provides for voluntary dismissal by court order, as follows:

> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper….
> When considering such a request to dismiss, "the district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing

such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986).

In *McCants v. Ford Motor Co.*, 781 F.2d 855, 860, the court noted:

> A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation. *See LeCompte*, 528 F.2d at 603; 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice § 41.06 (2d ed. 1985); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2366 (1971).
> Costs may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees. *See American Cyanamid*, 317 F.2d at 298; *Bishop v. West American Insurance Co.*, 95 F.R.D. 494, 495 (N.D. Ga. 1982).

In this case, the government has filed a motion to dismiss with prejudice. Therefore, if the Court finds that the complaint may be dismissed with prejudice, then, in accordance with Rule 41(a)(2), Mr. Moore additionally requests that the order of dismissal expressly find that Mr. Moore has "substantially prevailed" for purposes of 28 U.S.C. §2465.

Although such a finding is obvious, the Government has not yet stipulated to or acknowledged the fact that the dismissal means Mr. Moore has "substantially prevailed" for purposes of 28 U.S.C. §2465.

### I. Interest

As a result of the fact that Mr. Moore "substantially prevailed," he is entitled to an award of the interest paid to the United States from the date the funds were seized pursuant to 28 U.S.C. § 2465(b)(1)(C)(i). Mr. Moore also seeks

6

an award of imputed interest pursuant to 28 U.S.C. § 2465(b)(1)(C)(ii), for any non-excluded time period during which interest was not paid on the funds. The statute provides that the "United States shall be liable for- - in cases involving currency, ...

> (i) interest actually paid to the United States from the date of seizure or arrest of the property that resulted from the investment of the property in an interest-bearing account or instrument; and
>
> (ii) an imputed amount of interest that such currency, instruments, or proceeds would have earned at the rate applicable to the 30-day Treasury Bill, for any period during which no interest was paid (not including any period when the property reasonably was in use as evidence in an official proceeding or in conducting scientific tests for the purpose of collecting evidence), commencing 15 days after the property was seized by a Federal law enforcement agency, or was turned over to a Federal law enforcement agency by a State or local law enforcement agency.

28 U.S.C. § 2465(b)(1)(C).

**II. Attorney Fees and Costs**

Under 28 U.S.C. §2465(b)(1), in any civil proceeding to forfeit property under any provision of Federal law in which the claimant "substantially prevails" the United States shall be liable for reasonable attorney's fees and other litigation costs reasonably incurred by the claimant.

As demonstrated by the procedural history of the case, Mr. Moore was forced to vigorously litigate this case in which his attorney fees exceeded the amount seized. Now, more than 17 months after the initial seizure and nearly a

year after filing the complaint, and in lieu of litigating the upcoming motion to suppress or responding to a motion for summary judgment, the United States seeks a voluntary dismissal with prejudice.

Accordingly, Mr. Moore requests that any order issued by this Court dismissing the case with prejudice expressly confirm that Mr. Moore has "substantially prevailed" as a claimant under 28 U.S.C. §2465, so that Mr. Moore may obtain reasonable attorney's fees and other litigation costs that it has reasonably incurred.

A court order dismissing the complaint with prejudice under Rule 41(a)(2) sufficiently alters the legal relationship between the parties and contains the "necessary judicial imprimatur" to establish that Mr. Moore is a prevailing party to this action. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001).

## CONCLUSION

For the reasons set out above, Mr. Moore objects to the dismissal of the complaint under Rule 41(a)(2) absent a court order affirming that Mr. Moore has "substantially prevailed" under 28 U.S.C. §2465(b). As such, Mr. Moore is entitled to interest an award of the interest paid to the United States from the date the funds were seized pursuant to 28 U.S.C. § 2465(b)(1)(C)(i) and imputed interest pursuant to 28 U.S.C. § 2465(b)(1)(C)(ii). Likewise, 28 U.S.C. §2465(b)(1)

mandates that the government "shall be" liable for reasonable attorney's fees and other litigation costs reasonably incurred by the claimant when the claimant "substantially prevails." Finally, the Court has discretionary authority to award fees in connection with voluntary dismissal pursuant to Rule 41(a)(2).

 Respectfully submitted, this 8th day of September, 2022.

        By: /s/ Jason D. Sammis
           Jason D. Sammis
           Georgia Bar No. 623532
           Leslie M. Sammis
           Georgia Bar No. 623535
           Sammis Law Firm, P.A.
           1005 N. Marion St.
           Tampa, FL 33602
           Email: info@sammislawfirm.com
           Telephone: 813-250-0500
           *Attorney for Claimant*

## CERTIFICATE OF COMPLIANCE

I hereby certify that on September 8, 2022, I prepared the forgoing CLAIMANT'S QUALIFIED OBJECTION TO PLAINTIFF'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE, in compliance with Local Rule 5.1, N.D.Ga., using Book Antiqua 13-point type, and have this day electronically filed the document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

/s/ Jason D. Sammis
Jason D. Sammis
Leslie M. Sammis
*Attorney for Claimant*

## CERTIFICATE OF SERVICE

I hereby certify that I served CLAIMANT'S QUALIFIED OBJECTION TO PLAINTIFF'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE upon Plaintiff by using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

This 8th day of September 2022.

/s/ Jason D. Sammis
Jason D. Sammis
Leslie M. Sammis
*Attorney for Claimant*
