Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  PLAINTIFF,  v.  $8,500.00 IN UNITED STATES CURRENCY,  DEFENDANT. | Civil Action No.  1:21-cv-03847-TWT |

**AFFIDAVIT OF ATTORNEY FEES AND COSTS**

Personally appeared before the undersigned and attesting officer, duly authorized by law to administer oaths, the undersigned deponent signatory hereto, whom, having been duly sworn, on oath states and deposes as follows:

1. I am a shareholder with the Sammis Law Firm in Tampa, Florida. For the past 13 years, my practice has been focused on criminal defense and closely related issues including civil asset forfeiture.

2. I am admitted to the state bar of Florida (since 1999) and the state bar of Georgia (since 2002), the United States District Courts for the Northern and Middle District of Georgia, the United States District

1

Courts for the Northern, Middle, and Southern Districts of Florida, and the United States Circuit Court of Appeals for the Fifth Circuit and Eleventh Circuit.

3. I received my Bachelor of Arts degree at the University of Virginia in Charlottesville, Virginia, in 1995 and my Juris Doctorate degree at the University of Florida College of Law in Gainesville, Florida, in 1999.

4. I am a member of various organizations related to criminal defense and the closely related field of civil asset forfeiture including the National Association of Criminal Defense Lawyers (NACDL) and the NORML National Legal Committee (NLC).

5. After law school, I was employed at Coffman Coleman Andrews & Grogan as an Associate Attorney from 1999 - 2001, at Jackson Lewis LLP as an Associate Attorney from 2001 - 2003; at Cruser & Mitchell, LLP, as an Associate Attorney form 2003 - 2006 and at Cruser & Mitchell, LLP, as a Partner from 2006-2009. I joined the Sammis Law Firm, P.A., as a shareholder in 2009 with a focus on criminal defense and related matters such as civil asset forfeiture.

6. The invoices and statements for legal services rendered attached hereto as Exhibit "A" represent a true, correct, and accurate accounting of time and expenses incurred in connection with the above-captioned lawsuit.

7. The amount of time expended was necessary and justified in the defense of the case, in view of the duration of the litigation, the complexity of the factual and legal issues involved, and the stubborn and litigious nature of Plaintiff. For example, the Plaintiff's first and only offer to resolve the case was not made until 08/29/22 when it offered to return only $7,500.00 to Mr. Moore with no attorney fees. The Government stated that the offer would remain open until noon on Wednesday, 08/31/22, since the Government's motion for summary judgment was due on Friday, 9/2/22. The Government's first and only offer was made just one week before the scheduled Motion to Suppress hearing. Had I not filed the Motion to Suppress and prepared for the hearing, I believe the Government would not have made any offer to settle the case.

8. The hourly rate of $400 an hour is reasonable in light of my experience and consistent with that charged by other attorneys for representation of other clients in litigation of specialized matters such as this. Although only $8,500 was seized, DEA should not be able to unlawfully seize a lesser amount while benefiting from the fact that the attorney fees needed to successfully contest the seizure in federal court would likely exceed the amount seized.

9. An award of attorneys' fees at a rate of $400 an hour is consistent with the prevailing rates for attorneys practicing in this area of the law in the State of Georgia. This litigation spanned for more than a year. All of the hours I expended in this litigation were required because of the tactics used by the Government. I expended an enormous amount of time and effort in litigating the case and achieving a very good result for Mr. Moore considering that all of his seized funds must now be returned.

10. This matter involved complex issues of search and seizure law, necessitating the application of significant attorney resources. All of the facts were in dispute including whether the seizing agents were

really conducting a random interdiction or whether TSA had provided the agents with a secret tip because of the discovery of the U.S. Currency during the security screening process. Although the seizing agents claimed the detention was free and voluntary, we were prepared to show at the hearing that Mr. Moore was simply acquiescing to the agent's apparent authority who refused to return his luggage and caused him to miss his flight. It was in dispute whether the seizing agents had probable cause to seize Mr. Moore's money and whether the Government's evidence supported a finding that the property was subject to forfeiture.

11. Asset forfeiture is a complex area of federal civil law which is a practice specialty. The civil and administrative forfeiture processes impose complex legal obstacles and onerous deadlines. This particular case implicated a wide-range of legal issues including Fourth Amendment search and seizure issues, asset forfeiture issues, CAFRA issues, and K9 Handling issues.

12. Challenging baseless allegations made by the Government might not have been possible for less experienced counsel or for counsel

who spent less time on the case especially given the considerable experience and resources expended by the Government.

13. My extensive experience as a criminal defense attorney for the last 13 years has included filing and litigating motions to suppress evidence seized without a warrant, and handling forfeiture cases. For this reason, I was able to adeptly navigate the issues presented by this case, review all of the documents and financial records, and apply my experience to force the Government to dismiss the case right before the schedule motion to suppress hearing.

14. I manage a busy practice with one other partner and three associates. Thus, I must exercise utmost discretion before taking on a matter, knowing that it will require expending significant energy and scarce resources. Here, the attention required to diligently and properly litigate these issues required me to forego other profitable work over the past year. A significant risk of non-payment exists in these types of cases despite devoting substantial resources in terms of time and costs advanced.

15. The rate of $400 an hour is my customary hourly rate and the number of hours expended in this matter are explained in great detail in Exhibit 1.

16. This rate also corresponds to rates charged by attorneys of comparable background and reputation providing similar services.

Jason Sammis
PRINT NAME

[Signature]
SIGNATURE

9/21/2022
DATED

STATE OF Florida
COUNTY OF Hillsborough

Sworn to or affirmed and signed before me on 9/21/2022 by JASON SAMMIS, who is
__X__ personally known to me or who produced _____ as identification.

Tammy R. Baker
NOTARY PUBLIC or DEPUTY CLERK

TAMMY R. BAKER
[Print, type, or stamp commissioned name of notary or deputy clerk.]

TAMMY R. BAKER
Commission # HH 219346
Expires March 14, 2026

7

Exhibit "A"

Jason Sammis
Sammis Law Firm
1005 N. Marion St.
Tampa, FL 33602

Re: Attorney Fees for Claimant Brian Moore - Civil Action No. 1:21-cv-03847-TWT

| Date | Description | Hours | |
|---|---|---|---|
| 9/18/21 | Conference with LMS on need to respond to AUSA's complaint being filed on 9/17/21 including warrantless search and seizure at ATL airport by DEA on domestic flight. | 0.5 | |
| 11/01/21 | Reviewed the complaint, warrant for arrest in rem, and notice | .75 | |
| 11/01/21 | Reviewed the file including prior correspondence back and forth with client, fee agreement, receipt of seized property, notice of seizure, administrative verified claim and proof of filing to determine whether the AUSA meet the CAFRA deadline, public record request to airport authority for surveillance video of detention and prior correspondence back and forth with seizing agency. | 1.25 | |
| 11/04/21 | Drafted judicial claim, answer and affidavit defense to be filed 11/5/2021 before 11/8/21 deadline | 3.0 | |
| 04/01/22 | Reviewed AUSA's first request to produce documents and interrogatories filed 3/31/22, looked at documents already | 1.0 | |

| | | | |
|---|---|---|---|
| | provided by client and requested client to provide additional documents | | |
| 04/01/22 | Drafted Claimant's interrogatories and request to produce documents to be served on AUSA | 1.5 | |
| 04/02/22 | Reviewed AUSA's third party subpoena to produce bank records on Claimant's account at Fort Hood Bank National Bank in Fort Hood, TX, and Robins Financial Credit Union in Warner Robins, GA, along with cover letters, served 3/29/22, and provided to client | 0.20 | |
| 04/28/22 | Drafted and sent Claimant's discovery requests including interrogatories and request for production to AUSA which included various financial documents | 2.0 | |
| 05/05/22 | Reviewed AUSA's respond to claimant's interrogatories and requests for production, and related documents including 63 bate stamped bank records from Ft. Hood National Bank spanning several years, and 38 pages of bank records from Robins Bank, DEA's secret third party subpoena to client's Cash App Accounts with Square Capital LLC, client's NCIC and criminal history record showing no record other than misdemeanor marijuana possession charge with no conviction, DEA photos, redacted DEA reports of investigation, and seizing agent's handwritten notes. | 2.0 | |
| 05/09/22 | Reviewed documents showing timeline of detention and client's summary of events, researched issues for Motion to Suppress and drafted Claimant's motion for leave to file motion to suppress filed 5/10/22 | 5.0 | |

2

| 05/23/22 | Additional research, drafted motion to suppress and 26 page memo filed 5/24/22 | 4.5 |
|---|---|---|
| 06/08/22 | Reviewed AUSA response in opposition to motion to suppress filed 6/7/22 and researched cases cited and prepared points to establish during cross of seizing agent and other LEO witnesses | 2.0 |
| 07/27/22 | [JDS/OC T/C] - telephone conference with AUSA about her second request to extend to discovery and explained was unnecessary for AUSA to make this second request. | .20 |
| 07/28/22 | [JDS/Moore T/C] - telephone conference with Client on problems with AUSA's case and strategy, discussed client's testimony for motion to suppress and noted file | 1.0 |
| 07/29/22 | Reviewed AUSA's "emergency" motion to extend discovery on 7/29/22 and prepared response objecting to AUSA motion to extend discovery for the second time filed on 7/30/22 | .5 |
| 08/22/22 | Reviewed the Court's denial of AUSA's "emergency" request to extend discovery and notified client of the order and the expended timeline for resolution of the case | .2 |
| 08/26/22 | Researched issues for filing motion for summary judgement and additional preparation for motion hearing on motion to suppress | 5.0 |

| 08/29/22 | Reviewed email from AUSA confirming their first offer to resolved was made 8/29/22 offering to pay none of Claimant's attorney fees and returning only $7,500.00 to Mr. Moore (leaving offer open till noon on Wednesday since their motion for summary judgment due Friday 9/2/22) | .1 | |
|---|---|---|---|
| 09/01/22 | Drafted motion for summary judgment to be filed on Friday, 9/2/22 | 5.0 | |

| 09/02/22 | Reviewed email for AUSA rejecting our offer to return all $8,500 to Mr. Moore plus reasonable attorney fees and indicating they might move to dismiss prior to motion to suppress | .1 | |
|---|---|---|---|
| 09/07/22 | Reviewed AUSA's motion to dismiss with prejudice filed 3 business days prior to hearing and after motion for summary judgement filed and proposed order | .1 | |
| 09/08/22 | Drafted response to AUSA's motion and proposed order since AUSA refused to make any offer to resolve attorney fee issue | NA | |
| 09/09/22 | Reviewed court's order and provided to client | .1 | |
| 09/17/22 | Draft motion for attorney fees | 2.0 | |
| TOTAL | 38 hours times $400 hourly rate = $15,200 | | |