IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,
    PLAINTIFF,

v.

$8,500.00 IN U.S. CURRENCY,
    DEFENDANT.

Civil Action No.
1:21-cv-03847-TWT

**Plaintiff's Reply to Claimant's Supplemental**
**Memorandum in Support of His Motion for Attorney's Fees**

NOW COMES, Plaintiff, the United States of America, by Ryan K. Buchanan, United States Attorney, and Radka T. Nations, Assistant United States Attorney for the Northern District of Georgia, and files its Reply to Claimant's Supplemental Memorandum in Support of His Motion for Attorney's Fees. [Doc. 36].

Plaintiff incorporates by reference Plaintiff United States' Response to Claimant's Motion for Attorney's Fees, Costs, and Interest. [Doc. 35].

### I.    The Prevailing Hourly Rate

Claimant requests an award of attorney fees at a rate of $400 an hour. In support of his request, Claimant submits his counsel's sworn statement and a single affidavit by a local counsel.

The burden is on Claimant to establish that $400 an hour is the prevailing

rate in the Northern District of Georgia for this type of case. Specifically, Claimant must prove that the requested fees are reasonable by "submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and the hours are reasonable." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). "[S]atisfactory evidence must speak to rates actually billed and paid in **several** lawsuits". *Norman v. Hous. Auth. Of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (emphasis added).

In support of his proposed hourly rate, Claimant submits his counsel's self-serving affidavit and a single affidavit by a local counsel. This evidence is insufficient. "[T]he court is seldom presented with one figure as a prevailing market rate." *Norman*, 836 F.2d at 1300. Instead, Claimant should present "a range of fees set by the marketplace, with the variants best explained by reference to an attorney's demonstrated skill". *Id.* Sufficient evidence establishing prevailing rates consists of "affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." *Edward D. Jones & Co., L.P. v. Am. Nat'l Ins. Co.*, 2020 WL 7395968, at *4 (D.S.C. Dec. 17, 2020). See also *United States ex rel. Price v. Peters*, 2014 WL 9866916, at *3 (C.D. Ill. July 28, 2014) (fee-seeking attorney submitted three affidavits from local attorneys with varying years of experience); *Williams by &*

2

*through Williams v. Fulton Cnty. Sch. Dist.*, 2017 WL 5197871, at *4 (N.D. Ga. Mar. 17, 2017), aff'd, 717 F. App'x 913 (11th Cir. 2017) (fee-seeking attorney submitted supporting affidavits from two attorneys); and *Eaton v. Astrue*, 2011 WL 3296097, at *1 (claimant provided "affidavits of other attorneys").

Where, as here, the Court has been provided scant evidence by the fee applicant, the Court may make an independent judgment based on its knowledge and experience. *See Norman*, 836 F.2d at 1303. In *Weissinger v. Murray*, plaintiff's motion contained only an affidavit and time records showing an hourly rate. *Weissinger v. Murray*, No. 1:09-CV-1544-TWT, 2009 WL 1971612, at *5 (N.D. Ga. July 2, 2009). The Court reduced the hourly rate, finding that the attorney requesting the fee had "provided no documentation whatsoever to support his claim that the hourly rates on his time sheets are reasonable. He has not submitted affidavits from other lawyers and has not shown that he has ever had a client that paid him $300 or $400 per hour." *Weissinger*, 2009 WL 1971612 at *5.

In sum, Claimant's submission of a single affidavit from an attorney, in addition to a self-serving affidavit from the attorney who performed the legal work, does not satisfy Claimant's burden under the Eleventh Circuit's standard. Therefore, this Court should reduce Claimant's proposed fee rate to a reasonable hourly rate for this type of case – a simple forfeiture matter stemming from a single

airport seizure and involving a small volume of discovery materials.

## II. Proportionality of the Fees Sought to the Amount at Issue

This Court should also reduce the fee award because Claimant seeks fees that are disproportional to the value of the property that the government was attempting to forfeit. Specifically, Claimant seeks fees in the amount of $15,200, almost 200% of the amount of money the government was seeking to forfeit - $8,500. See *United States v. $40,000.00 in U.S. Currency*, 2015 WL 5177753 9D. Nev. Sept. 2015) (the court reduced award because $136,000 fee was disproportional to the $40,000 at issue).

## III. Costs

The Court should deny Claimant's request for costs because Claimant has failed to provide any documentation to support the award of those costs. Litigation costs sought pursuant to Title 28, United States Code, Section 2465 must be reasonable. Local Rule 54.2(A)(2) requires that "[w]ithin thirty (30) days . . . after filing the motion, the movant shall file and serve a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation." N.D. Ga. L. R. 54.2(A)(2).

In Claimant's initial motion for attorney's fees, Claimant requested "that the Court [award] attorney's fees and costs in the total amount of $15,200.00" but

Claimant did not specify or itemize the costs incurred and the basis for their recovery. [Doc. 34, p. 3]. Since then, Claimant has not supplemented his request with any documents, or even a list of the costs sought, and the time to do so has now expired. Consequently, the United States requests that the Court deny Claimant's request for costs.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court reduce Claimant's proposed attorney fee rate to a reasonable rate for this type of case and to an amount that is proportional to the value of the property at issue. Second, the United States respectfully requests that this Court deny Claimant's request for costs. Third, for the reasons outlined in Plaintiff's original response [Doc. 35, pp. 12-15], this Court should deny Claimant's request for post-judgment interest and should reduce the calculation of Claimant's pre-judgment interest award by 120 days. Lastly, the United States requests that this Court order Claimant to complete the required ACH form so the government can pay Claimant without further delay.

Respectfully submitted,

**RYAN K. BUCHANAN**
*United States Attorney*

/s/ Radka T. Nations
**RADKA T. NATIONS**
*Assistant United States Attorney*
Georgia Bar No. 618248
600 United States Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
Telephone: (404) 581-6000

# CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing brief has been prepared using Book Antiqua, 13-point font, and that the United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

This 3rd day of November 2022.

/s/ Radka T. Nations
RADKA T. NATIONS
*Assistant United States Attorney*
