IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $8,500.00 IN UNITED STATES CURRENCY, <br><br> Defendant; <br><br> BRIAN MOORE, JR., <br><br> Claimant. | CIVIL ACTION FILE <br> NO. 1:21-CV-3847-TWT |

### OPINION AND ORDER

This is a civil forfeiture action. It is before the Court on the Claimant Brian Moore, Jr.'s Motion for Attorney Fees, Costs, and Interest [Doc. 34] as well as the Claimant's Motion to Supplement his Motion for Attorney Fees, Costs, and Interest [Doc. 36]. For the reasons set forth below, the Claimant's Motion for Attorney's Fees, Costs, and Interest [Doc. 34] is DENIED, and the Claimant's Motion to Supplement his Motion for Attorney Fees, Costs, and Interest [Doc. 36] is DENIED AS MOOT.

### I. Background

The United States initiated this action in September 2021 seeking forfeiture of $8,500.00 in United States currency that it seized from Claimant Brian Moore, Jr. as he traveled through Hartsfield-Jackson Atlanta

International Airport. (Compl. ¶ 1). Moore opposed the United States' forfeiture request and the parties commenced discovery. Moore moved for summary judgment in September 2022, and the United States responded with a Motion to Voluntarily Dismiss the Complaint with Prejudice [Doc. 30] under Federal Rule of Civil Procedure 41(a)(2). In so moving, the United States explained that it was no longer "in the public interest to pursue this case." (Mot. to Voluntarily Dismiss Compl. at 2). The Court granted the motion and dismissed this action with prejudice on September 9, 2022.

Moore then filed the Motion for Attorney Fees, Costs, and Interest [Doc. 34] now pending before the Court. The United States responded, noting that Moore had failed to carry his evidentiary burden as to the prevailing market rate for his counsel's work. (Pl.'s Resp. to Mot. for Atty Fees at 8-10). Moore then filed a Motion to Supplement [Doc. 36], attaching the affidavit of a local attorney to support his fee request. The Court will address both pending Motions.

## II.     Legal Standards

The Civil Asset Forfeiture Reform Act (CAFRA) provides that the United States shall be liable for reasonable attorney's fees and other litigation costs incurred by the claimant if the claimant "substantially prevails." 28 U.S.C. § 2465(b)(1)(A). In the context of attorney's fees statutes generally, the Supreme Court has opined that a party prevails when he has "receive[d] at least some relief on the merits of his claim." *Buckhannon Bd. and Care Home,*

*Inc. v. W.Va. Dep't of Health and Hum. Res.*, 532 U.S. 598, 603 (2001). The Supreme Court further said that "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Id.* at 604 (citation omitted). Relevant to the case at hand is the Supreme Court's statement that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." *Id.* at 605.

The Eleventh Circuit thereafter applied *Buckhannon* in the context of a Fair Labor Standards Act case where the defendant's motion to dismiss with prejudice was granted by the district court. The district court denied the plaintiff's motion for attorney's fees on the ground that the plaintiff was not a prevailing party because he had not been awarded a judgment in his favor, and the Eleventh Circuit affirmed. *Dionne v. Floormasters Enterprises, Inc.*, 667 F.3d 1199, 1205-06 (11th Cir. 2012). Later, the Eleventh Circuit addressed a forfeiture action where the United States voluntarily returned the seized currency before the district court awarded any relief, mooting the case. The Eleventh Circuit noted that the CAFRA's "substantially prevails" requirement was not met where the claimant's action in filing his claim "only stir[red] the government to action, rendering the suit moot, because no relief [was] obtained on the merits of the claim." *United States v. Evans*, 561 F. App'x 877, 881 (11th Cir. 2014).

III.  Discussion

In his Motion for Attorney Fees, Moore primarily argues that he is statutorily entitled to attorney's fees and costs under 28 U.S.C. § 2465(b)(1)(A). (Mot. for Atty Fees at 9). Moore asserts that the voluntary dismissal here constitutes substantially prevailing because it was a dismissal with prejudice. (*Id.* at 2-3). Moore is seeking a total of $15,200 in attorney's fees and costs. (*Id.* at 3). In response, the United States mostly takes issue with the lack of evidence in support of Moore's proposed hourly rate. (*See* Resp. in Opp. to Mot. for Atty Fees at 6-12). The United States also notes that it has been unable to return the $8,500.00 at issue to Moore because his counsel refuses to complete the Treasury's ACH form, which is required in order for the United States to comply with its obligations under 31 U.S.C. § 3716(c)(1)(A). (*Id.* at 13-15).

Despite the United States' lack of argument on this ground, the Court finds that an award of attorney's fees is not statutorily mandated because Moore has not "substantially prevailed" in this case, which is a prerequisite to an award of attorney's fees under 28 U.S.C. § 2465(b)(1)(A). In particular, the merits of Moore's claim were never addressed by the Court. *See Buckhannon Bd. and Care Home, Inc.*, 532 U.S. at 603. The Court finds applicable the Supreme Court's directive that a "voluntary change in conduct, although perhaps accomplishing what the [claimant] sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change." *Id.* at 605. Although Moore ultimately achieved his goal of entitlement to the disputed currency, it

4

came to fruition through the United States' voluntary change of course—a motion to dismiss with prejudice. A voluntary dismissal under Rule 41(a) is a procedural disposition. To that end, the Eleventh Circuit's decisions requiring a judgment on the merits further support the Court's determination. *See Dionne*, 667 F.3d at 1205-06; *Evans*, 561 F. App'x at 881. Accordingly, Moore is not statutorily entitled to attorney's fees and costs under 28 U.S.C. § 2465.

Finally, although the Court could exercise its discretion to award attorney's fees in this matter regardless of statutory entitlement, the Court declines to do so here. By all accounts, the parties engaged in minimal discovery and motions practice before this matter was ultimately dismissed. Any additional fees or costs accruing at this stage are owed largely to Moore's counsel's refusal to complete the Treasury's ACH form so that the United States may return the currency. Therefore, the Court will deny both Motions.

### IV. Conclusion

For the foregoing reasons, the Claimant's Motion for Attorney's Fees, Costs, and Interest [Doc. 34] is DENIED, and the Claimant's Motion to Supplement his Motion for Attorney Fees, Costs, and Interest [Doc. 36] is DENIED as moot.

SO ORDERED, this   25th   day of January, 2023.

THOMAS W. THRASH, JR.
United States District Judge